IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03266-WYD-KLM

KENNETH WATKINS,

    Plaintiff,

v.

DETECTIVE ALAN BRENEMAN, in his individual capacity and official capacity; CITY AND COUNTY OF DENVER, COLORADO;

    Defendants.
_____

**ORDER ON MOTION TO DISMISS**
_____

THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 18), filed on February 3, 2015.  For the reasons explained below, the Motion is **GRANTED** in part as to Defendant City and County of Denver, Colorado, and as to the remaining part, is hereby **CONVERTED** to a Motion for Summary Judgment.

### I.   Defendant City and County of Denver, Colorado

Defendants argue that Plaintiff's claims against Defendant City and County of Denver, Colorado ("Defendant Denver") should be dismissed because Plaintiff has failed to allege sufficient facts to state any claim of relief that is plausible on its face.  Mot. to Dismiss, p. 11-12.  Plaintiff claims that "Defendant Denver has a widespread custom, policy, and practice of allowing its police officers to unlawfully arrest citizens based on mistaken identity and to include false information in their affidavits seeking arrest warrants."  Am. Compl., ¶ 69.  Plaintiff cites a New York Times article to bolster his

claim that Denver law enforcement officers have arrested the wrong individual as many as 600 times between 2002 and 2012.  Am. Compl., ¶¶ 70-71.  However, Plaintiff offers no further factual support that would indicate that Defendant Denver, "under color of some official policy, 'causes' an employee to violate another's constitutional rights." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978) (citing 42 U.S.C. § 1983).  The Supreme Court noted in *Monell* that local municipalities can be sued under § 1983 where the alleged unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  Plaintiff has not offered sufficient facts to support the existence of such a policy, ordinance, regulation, or decision, even considering congressional allowance for practices that are "so permanent and well settled as to constitute a 'custom or usage' with the force of law."  *Id.*

Second, Plaintiff argues that Defendant Denver's customs, policies, and practices are responsible for Defendant Breneman's submission of the "deficient, false, and misleading affidavit" that led to Plaintiff's arrest, detention, and prosecution.  Am. Compl., ¶¶ 96, 99.  The *Monell* Court concluded that "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy or some nature caused a constitutional tort . . . [particularly] that a municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Monell*, 436 U.S. at 691.  This means that "a local government may not be sued under § 1983 for an injury inflicted

- 2 -

solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694.

Plaintiff's Amended Complaint does not contain enough allegations of fact regarding such a policy or practice to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Apart from the reference to the newspaper article, Plaintiff's Amended Complaint contains mostly labels, conclusions, and naked assertions, "devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). As such, the Defendants' Motion to Dismiss Plaintiff's First Amended Complaint is granted with respect to the claims against Defendant Denver.

## II.  Conversion to Motion for Summary Judgment

Attached to Defendants' Motion to Dismiss are the following exhibits: Exhibit A, the Affidavit; Exhibit B, Surveillance Video; and Exhibit C, photo of Plaintiff, Kenneth Watkins. Plaintiff objects to the inclusion of these exhibits as evidence beyond the pleadings, even though Plaintiff specifically refers to the evidence in these documents in his Amended Complaint (ECF No. 16), filed January 14, 2015. Plaintiff contends that these exhibits should not be considered by the Court unless Defendants' Motion is converted to a Motion for Summary Judgment under Fed. R. Civ. P. 56.

The Tenth Circuit discussed the standard for such conversion when considering

evidence beyond the pleadings in *Alvarado v. KOB-TV*.  The court noted that "a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings."  *Alvarado v. KOB-TV*, 493 F.3d 1210, 1215 (10th Cir. 2007) (citing *Prager v. LaFaver*, 180 F.3d 1185, 1188 (10th Cir. 1999)).  However, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."  *Id.* (citing *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

In the present case, Plaintiff relies heavily on the evidence included in Defendants' exhibits to establish his fact section.  For example, Plaintiff describes interactions between Defendant Breneman and a confidential informant regarding an undercover drug purchase from an individual named "Tony T" on two separate occasions, including surveillance that was performed, the amount and price of the drugs to be purchased, the location of the purchases, the make and model of the vehicles driven by "Tony T", and the contents of the video recording.  Am. Compl., ¶¶ 17-19, 22-24, 26-30, and 35-38.  Further, Plaintiff refers to the Affidavit in his Amended Complaint in every claim for relief.  *See* Am. Compl., ¶¶ 76, 78, 80, 86, 88, 89, 95, 96, and 99.  However, Plaintiff also contends that the connection between "Tony T" and Plaintiff Kenneth Watkins was never properly established by Defendant Breneman, and that Defendant Breneman "sought and secured an arrest warrant for Plaintiff by filing an affidavit that deliberately,

maliciously, and/or with reckless disregard for the truth, included false information." *Id.* at ¶ 3.

The documents submitted by the Defendant are central to Plaintiff's claim, but Plaintiff also appears to be disputing their authenticity. He relies on the evidence to bolster his claims, while arguing for its exclusion based on allegations of falsification. Plaintiff claims that Defendant Breneman, without any valid basis, included Plaintiff's name on the Affidavit. Am. Compl., ¶¶ 6-7. Defendant Breneman claims that the inclusion of Plaintiff's name on the Affidavit was justified based on the images of "Tony T" on the surveillance video, as well as personal knowledge and information obtained from fellow officers or witnesses. Mot. to Dismiss, p. 2, 8.

Since the evidence that Defendants have attached to the Motion to Dismiss is central to Plaintiff's claims, and both parties rely on it to bolster their positions, yet a dispute remains as to the authenticity of the evidence, I find that it is appropriate to consider the evidence that Defendants have attached to their Motion. Accordingly, notice is hereby given that Defendants' motion to dismiss shall be treated as a motion for summary judgment and the evidence attached shall be considered. Further, any party who wishes to submit additional materials for the Court to consider in connection with the motion for summary judgment shall do so by Wednesday, October 7, 2015.

### III.     Conclusion

Based on the foregoing, it is

ORDERED that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 18) is **GRANTED** with respect to the claims against Defendant City and County of Denver, Colorado, and the claims against Defendant City and County of Denver, Colorado are **DISMISSED without prejudice**.

It is further ORDERED that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 18), with respect to the claims against Defendant Breneman, is **CONVERTED** to a **Motion for Summary Judgment**.   Any party who wishes to submit additional materials for the Court to consider in connection with the Motion for Summary Judgment shall do so by Wednesday, October 7, 2015.

Dated:   September 22, 2015.

BY THE COURT:


s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE